UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEN S. BROWN,<br><br>    Plaintiff,<br><br>    v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>    Defendant.<br>_____/ | No. C-05-2833 EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br>**(Docket Nos. 14, 15)** |

On February 25, 2003, Carmen S. Brown filed for disability insurance and Supplemental Security Income ("SSI") benefits. Ms. Brown has exhausted her administrative remedies with respect to her claim of disability. This Court has jurisdiction for judicial review pursuant to 42 U.S.C. § 405(g). Ms. Brown has moved for summary judgment or, in the alternative, a remand for additional proceedings. The Commissioner has cross-moved for summary judgment. Having considered the parties' briefs and accompanying submissions, the Court hereby **DENIES** Ms. Brown's motion for summary judgment and **GRANTS** the Commissioner's motion.

## I. FACTUAL & PROCEDURAL BACKGROUND

On February 25, 2003, Ms. Brown filed for disability insurance and SSI benefits, alleging disability as of April 25, 2001, due to a back injury, diabetes, a burn to the right forearm, and hand pain. Ms. Brown's application was initially denied on July 17, 2003, and again on reconsideration on October 9, 2003. Ms. Brown then sought an administrative hearing before an administrative law judge ("ALJ"). A hearing was held before an ALJ on December 6, 2004.

1    On January 24, 2005, the ALJ held that Ms. Brown was not disabled under the Social
2 Security Act. The ALJ evaluated Ms. Brown's claim of disability using the five-step sequential
3 evaluation process for disability required under federal regulations. *See* 20 C.F.R. §§ 404.1520,
4 416.920.

> Step one disqualifies claimants who are engaged in substantial gainful activity from being considered disabled under the regulations. Step two disqualifies those claimants who do not have one or more severe impairments that significantly limit their physical or mental ability to conduct basic work activities. Step three automatically labels as disabled those claimants whose impairment or impairments meet the duration requirement and are listed or equal to those listed in a given appendix. Benefits are awarded at step three if claimants are disabled. Step four disqualifies those remaining claimants whose impairments do not prevent them from doing past relevant work considering the claimant's age, education, and work experience together with the claimant's residual functional capacity ("RFC"), or what the claimant can do despite impairments. Step five disqualifies those claimants whose impairments do not prevent them from doing other work, but at this last step the burden of proof shifts from the claimant to the government. Claimants not disqualified by step five are eligible for benefits.

*Celaya v. Halter*, 332 F.3d 1177, 1180 (9th Cir. 2003).

At step one, the ALJ found that, although Ms. Brown had engaged in some work, it was insufficient to constitute substantial gainful activity. *See* AR 16. At step two, the ALJ found that Ms. Brown's mechanical lower back pain was severe as defined by the regulations. *See* AR 16. At step three, the ALJ found that none of Ms. Brown's impairments met or equaled in severity and duration the criteria of any listings found in the regulations. *See* AR 17. At step four, the ALJ found that Ms. Brown's residual functional capacity ("RFC") enabled her to perform a limited range of medium work. *See* AR 19 (finding that Ms. Brown could lift or carry 25 pounds frequently, and 50 pounds occasionally, and stand, walk, or sit for up to six hours in an eight-hour workday). The ALJ thus concluded that Ms. Brown was not precluded from performing her past relevant work by her medically determinable impairments. Accordingly, the ALJ concluded that Ms. Brown was not under a disability within the meaning of the Social Security Act at any time on or before the date of his decision.

Ms. Brown's request for review was summarily denied by the Appeals Council on May 14, 2005. *See* AR 7-10. This petition ensued.

Ms. Brown argues that the ALJ's decision was erroneous for the following reasons: (1) The ALJ failed to give proper weight to the opinions of her treating medical sources; (2) the ALJ failed to adequately develop evidence from her treating medical sources; (3) the ALJ failed to adequately develop the record with respect to the nonexertional limitations imposed by her mental impairment; (5) the ALJ failed to use a medical, psychological, and/or psychiatric expert to determine the severity of her mental impairment and her RFC; and (5) the ALJ failed to properly evaluate her credibility.  The Court shall address each argument below.

## II. DISCUSSION

A. Legal Standard

The district court may disturb the final decision of the Social Security Administration "only if it is based on legal error or if the fact findings are not supported by substantial evidence." *Sprague v. Bowen*, 812 F.2d 1226, 1229 (9th Cir. 1987).  "Substantial evidence, considering the entire record, is relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Matthews v. Shalala*, 10 F.3d 678, 679 (9th Cir. 1993).  Substantial evidence means "more than a mere scintilla, but less than a preponderance." *Young v. Sullivan*, 911 F.2d 180, 183 (9th Cir. 1990) (internal quotation marks omitted).  The court's review "must consider the record as a whole," both that which supports as well as that which detracts from the Secretary's decision. *Desrosiers v. Secretary of Health & Hum. Servs.*, 846 F.2d 573, 576 (9th Cir. 1988).  "If the evidence admits of more than one rational interpretation, [the court] must uphold the decision of the ALJ." *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

B. Rejection of Treating Medical Sources

Ms. Brown argues first that the ALJ failed to give the proper weight to the opinions of two of her treating sources, namely, chiropractor Mark Miller and Dr. Henry Mally.  Both Mr. Miller and Dr. Mally opined that Ms. Brown is disabled.  Those opinions were tendered on Verification of Disability forms.  *See* AR 246-47.  Mr. Miller's opinion states that, consistent with the Development Disabilities Assistance and Bill of Rights Act, Ms. Brown has "[a] severe, chronic disability . . . which . . . is attributable to a mental or physical impairment or combination of mental and physical impairments," namely, "lower back injury."  AR 247.  Dr. Mally's opinion states that Ms. Brown is

disabled because, consistent with the Social Security Act, she is "[unable] to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expect[ed] to last for a continuous period of not less than 12 months." AR 246. Neither Mr. Miller nor Dr. Mally's opinion is supported by any explanation or discussion of substantiating evidence. According to the ALJ, these disability opinions offered by Mr. Miller and Dr. Mally were of little weight because "there is no information provided about how these conclusions were reached, what evidence was considered, or the extent of the treating relationship between the claimant and the signers." AR 18.

As a preliminary matter, the Court notes that the ALJ only had to provide specific and legitimate (and not clear and convincing) reasons for giving Mr. Miller and Dr. Mally's opinions little weight. The clear and convincing standard applies only when a treating or examining physician's opinion is uncontradicted. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). Here, the opinions of Mr. Miller and Dr. Mally were contradicted by the opinion of an agency examining physician, Dr. Burton Brody. *See* AR 169-71 (stating that Ms. Brown had a "[b]asically normal physical examination" and concluding that Ms. Brown has "[n]o apparent limitations" with respect to RFC). The opinions of Mr. Miller and Dr. Mally were also inconsistent with those of the state agency medical consultant who assessed Ms. Brown's RFC as being able to lift or carry 25 pounds frequently and 50 pounds occasionally and stand, walk, or sit for up to six hours in an eight-hour workday. *See* AR 172-79.

The Court finds the ALJ provided specific and legitimate reasons for rejecting Mr. Miller and Dr. Mally's disability opinions. As the ALJ found, these opinions were conclusory -- they simply state that Ms. Brown is disabled without explaining why. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (stating that ALJ need not accept doctor's opinion if it is "brief, conclusory, and inadequately supported by clinical findings"); *Batson v. Commissioner of SSA*, 359 F.3d 1190, 1195 (9th Cir. 2004) ("[A]n ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole or by objective medical findings").

Moreover, Mr. Miller's opinion is not entitled to deference since he is a chiropractor. Chiropractors are not an acceptable medical source under the regulations. *See* 20 C.F.R. §§

404.1513, 416.913.  Although such an opinion may be considered by the ALJ, it may be rejected without the deference accorded to the opinion of a treating physician.  *See Bunnell v. Sullivan*, 912 F.2d 1149, 1152 (9th Cir. 1990), *modified on other grounds*, 947 F.2d 341, 358 (9th Cir. 1991).

Ms. Brown argues that Dr. Mally's opinion is supported by various findings in her medical records, including observations of chronic pain, arthritis, and tendinitis.  *See* Reply at 4 (citing AR 227-46).  However, Ms. Brown fails to point to any evidence in the record supporting the conclusion that these ailments were so severe as to completely disable her from working as Dr. Mally opines.  Moreover, the Court further notes that Dr. Mally's opinion is not only conclusory but also only addresses an administrative finding dispositive of the ultimate determination in this case, rather than a medical issue regarding the nature and severity of an individual's impairment.  *See* SSR 96-5p ("[T]reating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance.").

As noted above, the ALJ also found other evidence in the record which did not comport with the opinions of Mr. Miller and Dr. Mally:  (1) the report by Dr. Brody, who conducted his own independent examination of Ms. Brown (AR 169-71); (2) the RFC assessment by the state agency medical consultant (AR 172-79); (3) Ms. Brown's testimony at the ALJ hearing which established that she had been working as a cashier, on her feet all day for 32 and 40 hours per week (AR 283-85); (4) the fact that Ms. Brown had not regularly sought or received medical treatment for her back pain since 1999 (AR 121-24, 126-32, 134-37, 146-47, 237); and (5) the fact that, when Ms. Brown did report such pain, her treating physician gave her very limited and conservative treatment (AR 121-24, 126-32, 134-37).[1]

As in *Tonapetyan v. Halter*, 242 F.3d 1144 (9th Cir. 2001), the ALJ's order sets forth "specific and legitimate reasons supported by substantial evidence in the record" for rejecting the opinions of Mr. Miller and Dr. Mally.  *Id.* at 1149.  Their opinions are conclusory, not supported by

---

[1] As to her diabetes, burn to the right forearm, and hand pain, the ALJ reviewed the medical records closely and determined that they did not "constitute severe impairments as defined by the regulations."  AR 17.  Ms. Brown has not challenged these particular findings in the case at bar.

objective medical findings, and inconsistent with Ms. Brown's testimony as well as that of other examining physicians.

C.     Duty to Develop the Record -- Treating Medical Sources

Ms. Brown contends next that, if the bases of the opinions of treating physicians were unclear, the ALJ had a duty to further develop the record, including obtaining additional records and recontacting these sources. *See* Mot. at 11-12. However, Ms. Brown does not identify any particular records that the ALJ failed to obtain and consider. Nothing suggests that all pertinent records were not obtained. *See* 20 C.F.R. §§ 404.1512, 416.912 (describing medical records to be obtained by Commissioner). As to additional efforts to develop the record such as recontacting treating physicians, that duty is triggered "only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001); *see also Tonapetyan*, 242 F.3d at 1150 (noting the same). Given the fact that it is the claimant's duty to prove she is disabled, *see Mayes*, 276 F.3d at 459; 42 U.S.C. § 423(d)(5); 20 C.F.R. §§ 404.1512(a), 416.912(a), and the potentially limitless application of the ALJ's duty to develop the record even where the claimant fails to do so, more than speculative ambiguity is required.[2] Thus, for instance, in *Tonapetyan*, the court found such a duty where the ALJ relied heavily on the testimony of a medical expert in adopting his diagnosis and in rejecting the opinion of the claimant's treating and examining psychiatrists, even though the expert relied upon admitted the records reviewed were lacking and his testimony was equivocal. *See Tonapetyan*, 242 F.3d at 1150-51. "Given this relevance, the ALJ was not free to ignore Dr. Walters' equivocation and his concern over the lack of a complete record upon which to assess Tonapetyan's mental impairment." *Id.* In contrast, the court in *Mayes* found that there was no sufficient ambiguity to trigger a duty to develop the record on the claimant's back problems (evidence of which was developed by examination conducted after the hearing) even though there had been some evidence of back pain and treatment at the hearing. *See Mayes*, 276 F.3d at 457, 460.

---

[2] Under Ms. Brown's argument, it is hard to conceive of when an ALJ would properly reject a doctor's opinion as brief or conclusory (as the case law clearly allows). In such situations, the ALJ would always have a duty to recontact the doctor since brevity of analysis alone could arguably constitute ambiguity.

As discussed above, there was substantial evidence cited by the ALJ which supported his rejection of the opinions of Mr. Miller and Dr. Mally and which supported his finding as to Ms. Brown's RFC. This is not a case such as *Tonapetyan* where the ambiguity and inadequacy of the record was clear and material. The ALJ in the case at bar appears to have had before him all available treatment records, including those of Mr. Miller and Dr. Mally. He had all the other reports of examining physicians as well as the hearing testimony of Ms. Brown. He had a record adequate "to allow for proper evaluation of the evidence." *Tonapetyan*, 242 F.3d at 1150; *see also Bayliss*, 427 F.3d at 1217 (finding no duty to recontact physicians before rejecting their opinions).

D.     Failure to Consider Mental Impairment and Develop the Record

Ms. Brown further contends that the ALJ erred by (1) failing to develop the record with respect to her mental impairment (namely, depression) and (2) failing to give adequate consideration to the nonexertional limitations imposed by her mental impairment. There is a threshold issue of whether the ALJ was sufficiently put on notice that Ms. Brown claimed to have a mental impairment. Ms. Brown did not identify depression as part of her disability in her initial application for benefits. In her request for reconsideration of the initial denial, dated August 11, 2003, Ms. Brown identified various reasons for her disagreement with the initial determination, listing problems with her right arm and hand, but said nothing about depression. (Exh. 2B, p.1). In her December 8, 2003 request for hearing by Administrative Law Judge (Exh. 6B, p. 2), she stated she had "no additional evidence to submit." At the time of her request, she was represented by counsel. (Exh. 6B, p. 1; Exh. 4B, p. 1). Although her "Statement When Request for Hearing is Filed" identified (for the first time) depression along with hands, back, nerves and leg pain as ailments (Exh. 5E, p. 1), Ms. Brown failed to bring up her depression during the hearing before the ALJ.[3] None of the medical records from La Clinica de la Raza submitted in conjunction with an agency request for information dated March 3, 2003 mention depression or substantiate a prescription for

---

[3] Ms. Brown asserts that the ALJ cut her off from discussing her depression during the hearing, but, based on the Court's review of the hearing transcript, the allegation is not substantiated. Ms. Brown only stated at the end of the hearing that "I suffer a lot. I'm in a lot of pain. I lost weight . . . I eat, but I don't eat like I normally would," to which the ALJ responded, "Okay. All right. All right." AR 299. Such testimony is not specific to depression.

Zoloft. There appears to be but one medical record which mentions depression as a medical issue. *See* AR 245 (treatment note, dated May 2, 2001). There is no evidence of treatment nor prescription for Zoloft in any of the records. Ms. Brown points to no other records that should have been obtained by the ALJ.

The scant and passing reference to Ms. Brown's alleged depression, not referenced in her application or request for reconsideration, not commented on by any of her physicians or treaters in support of her claims, and not testified to at the hearing, and not substantiated by any medical record, is not sufficient to put the ALJ on notice. *See Kitts v. Apfel*, 204 F.3d 785, 786 (8th Cir. 2000) ("Because Kitts did not allege a mental impairment in her application or at the hearing, and because the record shows only a diagnosis of anxiety and prescriptions for anti-anxiety medication from her family practitioner, we find the ALJ was not on notice of a need to develop the record further in that regard."). Accordingly, the ALJ did not err in failing to consider Ms. Brown's alleged depression in assessing her nonexertional limitations. Indeed, even if the depression were considered, there appears to be no evidence supporting any conclusion that her condition materially affected her ability to work.

Ms. Brown further contends that at the very least, the ALJ had a duty to develop the record on this issue. But this Court's finding that Ms. Brown failed adequately to put the ALJ on notice obviates such a claim. Even assuming sufficient notice of the depression was given, the evidence did not trigger a duty to further develop the record. As discussed above, that duty is triggered only when the record is ambiguous or insufficient for the ALJ to make a disability determination. *Bayliss*, 427 F.3d at 1217. Here, there is no evidence of any diagnosis, treatment, or prescription for depression. The records contain but one passing reference in 2001 to depression. Other than her pain and lack of appetite -- hardly specific to the disease of depression -- Ms. Brown provided no testimony about her depression. There is less evidence of Ms. Brown's depression here than there was of the claimant's back pain in *Mayes*, 276 F.3d at 457-58, where the court found insufficient ambiguity to trigger the duty to develop the record. Perforce, no duty obtains here.

E.  Use of Medical, Psychological, or Psychiatric Expert

Ms. Brown also contends that the ALJ erred because he failed to take testimony from a medical, psychological, or psychiatric expert. Ms. Brown suggests that this was required by SSR 96-6p. *See* SSR 96-6p (discussing when an ALJ must obtain an updated medical opinion from a medical expert with respect to the issue of equivalence to an impairment in the listing of impairments). The Court disagrees. The ALJ did not rely on a state agency medical or psychological consultant in deciding the legal question at step three of whether a listing is met or equaled. Accordingly, SSR 96-6p is not applicable.

F.  Credibility

Finally, Ms. Brown challenges the ALJ's finding that her testimony regarding symptoms was not "fully credible." Under SSR 96-7p, a determination on credibility

> must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight. This documentation is necessary in order to give the individual a full and fair review of his or her claim, and in order to ensure a well-reasoned determination or decision.

SSR 96-7p; *see also Light v. SSA*, 119 F.3d 789, 792 (9th Cir. 1997) ("In weighing a claimant's credibility, the ALJ may consider [the claimant's] reputation for truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains.").

According to Ms. Brown, the ALJ concluded that she was not fully credible without citing specific reasons or substantial evidence. The argument is not persuasive. First, the ALJ did provide sufficiently specific reasons for his finding of partial credibility. His conclusion references the body of his decision. *See* AR 20. In that decision, the ALJ took note of Ms. Brown's reported injuries (*i.e.*, pain in her upper and lower back, neck, and shoulders and pain that is worse with sitting, lifting, bending, and walking) but found them inconsistent with the medical records and her treatment record. *See* AR 18. He also noted that, although she reported a history of lower back pain, she was observed by Dr. Brody as having no problems getting on and off the examination

table, and none of her joints showed reduced range of motion, swelling, heat, redness, or edema. *See* AR 18, 169-71). In discussing Ms. Brown's medical and treatment records, the ALJ pointed out that treating physicians had only given her a very limited and conservative treatment for back pain, which was inconsistent with the limitations she claimed. *See* AR 121-24, 126-32, 134-37. Ms. Brown confirmed with her own papers submitted to the agency that the treatments for her pain were limited to taking ibuprofen and using a TENS unit, hot baths, and a heating pad. *See* AR 88-89. Moreover, the state agency medical consultant who assessed Ms. Brown's physical RFC found that she was able to lift or carry 25 pounds frequently and 50 pounds occasionally and able to stand, walk, or sit for up to six hours in an eight-hour workday. *See* AR 172-76.

  The ALJ's refusal to fully credit Ms. Browns' credibility was not based solely on the lack of supportive objective evidence or his own observations at the hearing. Rather, they were based on numerous factors constituting "specific, convincing reasons" for questioning Ms. Brown's credibility. *Tonapetyan*, 242 F.3d at 1148. As such, the ALJ's determination is supported by substantial evidence.

### III.  CONCLUSION

  Based on the foregoing, the Court DENIES Ms. Brown's motion for summary judgment and GRANTS Defendant's motion for summary judgment.

  IT IS SO ORDERED.

Dated: September 19, 2006

_____
EDWARD M. CHEN
United States Magistrate Judge